UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELMER URIBE-RIVERA,

      Petitioner,

    v.                        Case No.:  2:26-cv-01733-SPC-KRH

FIELD OFFICE DIRECTOR,

      Respondents,

                                 /

## <u>OPINION AND ORDER</u>

Before the Court are petitioner Elmer Uribe-Rivera's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).

Uribe-Rivera is a native of Cuba who was paroled into the United States in 2013.  In June 2025, local law enforcement arrested Uribe-Rivera during a traffic stop and handed him over to Immigration and Customs Enforcement ("ICE").  An immigration judge ordered Uribe-Rivera removed on December 19, 2025.  Uribe-Rivera reserved his right to appeal but did not file a timely notice of appeal.  The removal order became administratively final on January 20, 2026, when the time to appeal expired.  *See* 8 C.F.R. § 1241.1(c).  Uribe-Rivera filed an untimely notice of appeal on February 4, 2026, but he does not have a case pending before the Board of Immigration Appeals.  It does not appear the late notice of appeal affects the finality of the removal order. Uribe-Rivera's petition claims his detention violates the Fifth Amendment, but it is based on

the mistaken belief that the removal order is not final. Because he is subject to a final removal order, Uribe-Rivera's detention is governed by 8 U.S.C. § 1231, not § 1225 or § 1226.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Here, the 6-month period commenced when the removal order became administratively final on January 20, 2026. Thus, Uribe-Rivera's detention is presumptively reasonable.

Accordingly, it is hereby

**ORDERED:**

Elmer Uribe-Rivera's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on June 9, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record